ORIGINAL
D&F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MOHABBAT KHAN DORANI,

                Plaintiff,      **MEMORANDUM & ORDER**
-against-      Case No. 08-CV-3831 (FB)

MARY ANN GANTNER, New York
District Director, UNITED STATES OF
AMERICA, ERIC HOLDER, Attorney
General of the United States, and BUREAU
OF CUSTOMS AND IMMIGRATION
SERVICES,

                Defendants.
----------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
KHAGENDRA GHARTI-CHHETRY
Chhetry & Associates, P.C.
363 Seventh Avenue
Suite 1500
New York, NY 10001

*For the Defendants:*
LORETTA E. LYNCH
United States Attorney
Eastern District of New York
By:    MARGARET M. KOLBE
        Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      On March 29, 2002, Mohabbat Khan Dorani ("Dorani"), filed an application to adjust his status to permanent resident pursuant to Section 1104 of the Legal Immigration Family Equity Act ("LIFE Act"). The LIFE Act, its amendments, and subsequent regulations establish procedures through which participants in three class action lawsuits[1] can apply for adjustment of status. *See* Pub. L. 106-553, 114 Stat. 2762

---

[1] Those class action lawsuits are: (1) *Catholic Social Services, Inc. v. Meese, vacated sub nom., Reno v. Catholic Social Services, Inc.*, 509 U.S. 43 (1993); (2) *League of United Latin American Citizens v. INS, vacated sub nom., Reno v. Catholic Social Services, Inc.*, 509 U.S. 43; and (3) *Zambrano v. INS, vacated*, 509 U.S. 918 (1993).

(2000), *amended by* LIFE Act Amendments, Pub. L. 106-554, 114 Stat. 2763 (2000) (codified at 28 U.S.C. § 1255). On August 2, 2006, defendant Mary Ann Gantner, the New York District Director of the United States Citizenship and Immigration Services ("USCIS") issued a Notice of Decision denying Dorani's application, finding that it did not adequately show that he had resided in the United States continuously and unlawfully since before January 1, 1982 through May 4, 1988, as required by the regulations. The Administrative Appeals Office ("AAO") dismissed Dorani's appeal on August 19, 2008.

Dorani now seeks a Writ of Mandamus directing Mary Ann Gantner, the United States of America, Eric Holder,[2] and the Bureau of Customs and Immigration Services (collectively, "Defendants") to accept the "bona fides" of affidavits he submitted in connection with his application, and therefore to adjust his status to temporary resident. Defendants filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

In response, Dorani argued: (1) that the Court has subject matter jurisdiction to issue the Writ of Mandamus; (2) that the LIFE Act's limitation on judicial review denies him due process by precluding judicial review of his LIFE Act claims; he has also sought leave to amend his Complaint to "flesh out" that argument. For the reasons stated at oral argument on November 30, 2010, the Court grants Defendants' motion and denies Dorani's request to amend his Complaint.

    1.    Judicial review of United States Citizenship and Immigration Services

---

[2]When this petition was filed, Michael Mukasey, then Attorney General of the United States, was named as a defendant. Mr. Holder, who has since replaced Mr. Mukasey, is substituted as a defendant in this case pursuant to Fed. R. Civ. P. 25(d)(1).

2

("USCIS") determinations made pursuant to Section 1104 of the LIFE Act is limited to deportation or removal proceedings. *See* 8 U.S.C. § 1255a(f)(4)(A) ("There shall be judicial review of such a denial [pursuant to the LIFE Act] only in the judicial review of an order of deportation."); *Haider v. United States*, No. 09-CV-946, 2009 WL 5042532, at *2 (E.D.N.Y. Dec. 16, 2009) ("The LIFE Act explicitly states that the provisions of 8 U.S.C. § 1255a limiting judicial review apply to a determination of status under the LIFE Act section."); *Hussain v. United States*, 09-CV-895, 2009 WL 2413260 , at *3 (E.D.N.Y. Aug. 3, 2009) ("[F]ederal judicial review of the denial of an application for adjustment of status under the LIFE Act is only available in conjunction with review of an order of removal."). Dorani is not currently subject to removal proceedings. The Court cannot order USCIS to accept Dorani's affidavits—which would necessarily result in the favorable adjudication of his application—without running afoul of the LIFE Act's provision limiting judicial review. *See Haider v. United States*, No. 09-CV-946, 2009 WL 5042532, at *2 (E.D.N.Y. Dec. 16, 2009); *Hussain v. United States*, No. 09-CV-895, 2009 WL 2413260, at *4 (E.D.N.Y. Aug. 3, 2009). Thus, the Court does not have subject matter jurisdiction over Dorani's petition for a Writ of Mandamus.

2. While the Court lacks jurisdiction to review the denial of Dorani's application for adjustment of status, the Court has jurisdiction to review the constitutionality of § 1255a(f)(4)(A)'s limits on judicial review. *See* 28 U.S.C. § 1331; *see also Reno v. Catholic Social Services, Inc.*, 509 U.S. 43, 56 (1993) (accepting jurisdiction challenging the constitutionality of regulations promulgated under predecessor to LIFE Act).

Dorani argues that "the statute effectively denies [him] due process by

precluding judicial review of his LIFE Act claims," and that initiating removal proceedings against himself "could result in his removal without any judicial review of his LIFE Act claims to adjustment." Pl. Mem. of Law at 7. Be that as it may, the Court of Appeals nonetheless has jurisdiction to review the denial of Dorani's application in conjunction with a self-initiated order of removal. *See Guzman-Andrade v. Gonzales*, 407 F.3d 1073, 1076–77 (9th Cir. 2005) (discussing history of § 1255a(f)(4)(A) and interpreting provision as providing court of appeals with jurisdiction to review denial of adjustment of status application in conjunction with review of removal order); *see also Orquera v. Ashcroft*, 357 F.3d 413, 415–16 (4th Cir. 2003) (reviewing Immigration and Nationalization Service's denial of plaintiffs' application for adjustment of status after plaintiffs requested the INS commence removal proceedings against them and final order of removal was entered).

Although the Court is sympathetic to the plaintiff's dilemma, Congress' largesse in providing such judicial review for those who have no legal status in the country cannot be viewed as being possessed of a constitutional impediment because the illegal alien must expose himself to the risk of deportation as the price to pay for seeking to legitimatize his presence in the United States.

## CONCLUSION

Plaintiff's motion to amend his complaint is denied as futile. Defendant's motion is granted, and the complaint is dismissed.

**SO ORDERED.**

s/ Judge Frederic Block

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 1, 2010

4